# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD D. VAN OTTERLOO,<br>BARBARA A. VAN OTTERLOO, and<br>H&S PARTNERSHIP, LLP,<br><br>    Defendants. | No. 18-cv-4038-MAR<br><br>**RULING ON MOTION FOR SUMMARY JUDGMENT** |

_____

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. 17.) Pursuant to Local Rule 7(c), the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On April 19, 2018, the United States of America filed a Complaint in the instant action seeking judgment on a promissory note and foreclosure of a mortgage issued by the United States of America through the Farmers Home Administration, United States Department of Agriculture. (Doc. 17-3 at 4-14.[1]) Named as defendants were Ronald D. Van Otterloo; Barbara A. Van Otterloo; H&S Partnership, LLP ("H&S"); Pinnacle Bank; and HBI, LLC. Pinnacle Bank and HBI, LLC were voluntarily dismissed. On July 17, 2018, the Clerk of Court entered default against Defendants Ronald Van Otterloo

---

[1] Plaintiff's Statement of Undisputed Material Facts shows the Note and Mortgage were in favor of the "Rural Housing Service (RHS), United States Department of Agriculture." (Doc. 17-2 ¶ 1.) H&S Partnership, LLP admits these facts. No explanation appears regarding the difference, if any, between the RHS and Farmers Home Administration and the Court will treat them as the same entity for the purposes of this motion.

and Barbara Van Otterloo. (Doc. 10.) Plaintiff filed an Amended Complaint on July 25, 2018. (Doc. 11.) On September 19, 2018, H&S filed its Answer admitting certain allegations, denying other allegations, and asserting certain affirmative defenses. (Doc. 13). Accordingly, H&S is the only defendant contesting the action.

On December 6, 2018, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the Parties. At that time, the case was referred to me to conduct all further proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c) and the consent of the Parties.

On December 3, 2018, Plaintiff timely filed the instant motion. (Doc. 17.) H&S filed a timely resistance on December 20, 2018. (Doc. 21.) Plaintiff filed a timely reply on January 28, 2019. (Doc. 27.)

## II. RELEVANT FACTS

In support of its Motion for Summary Judgment, Plaintiff attached a Statement of Undisputed Material Facts, in compliance with Federal Rule of Civil Procedure 56(c) and Local Rule 56(a)(3). H&S filed a response as required by LR 56(b)(2) and a Statement of Additional Material facts under LR 56(b)(3), which were admitted by Plaintiff.

In the instant case, most of the relevant facts are not in dispute. Where an objection is raised to any statement of a material fact, the dispute largely concerns the legal effect of a certain fact or facts – not whether the facts are true. From the undisputed facts the following appears:

On July 18, 1985, the Van Otterloos executed and delivered to Plaintiff a promissory note ("the Note") for $45,000 bearing annual interest at 11.375 percent. (Doc. 17-2 ¶1.) The Van Otterloo defendants also executed and delivered to Plaintiff a purchase-money security interest in the form of a real estate mortgage ("the Mortgage") for the following property:

> The Westerly 60.0 feet of the Southerly 121.9 feet of the Northerly 182.0 feet of Lot Three (3) in Deans First Addition to The City of Sheldon, O'Brien County and State of Iowa

("the Property.") (*Id.* ¶ 2.) The Mortgage was recorded with the O'Brien County Recorder on July 19, 1985, in Book 63 at Page 347. (*Id.*) The payment history shows the last voluntary payment received on the Note was dated May 31, 2012, and that the Note is currently in default. (*Id.* ¶ 3.) Plaintiff's payment history shows a total balance of $105,464.20 as of November 6, 2018. (Doc. 21-2 ¶ 4.) Plaintiff first sent acceleration letters to the Van Otterloos on July 2, 2014. (Doc. 21-3 ¶ 1.)

H&S acquired its interest in the Property via a deed from a related corporate entity, HBI, LLC recorded on March 20, 2017. (Doc. 17-2 ¶ 5.) HBI, LLC acquired its interest by a deed from a different related corporate entity, REO Asset Management, LLC, that was recorded on December 31, 2015. *Id.* REO Asset Management, LLC, acquired its interest via a sheriff's sale and resulting deed executed on December 16, 2015, and recorded on December 29, 2015. (*Id.*) The sheriff's sale arose from a foreclosure by a junior creditor commenced in June 2015. (*Id.* ¶ 6.) Although Plaintiff's mortgage was properly recorded, Plaintiff was not named as a defendant in the foreclosure action. (*Id.*) Nothing in the record appears to explain why H&S or its predecessors proceeded with its investment in the Property based on the foreclosure of the junior interest.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact "'exists if a reasonable jury could return a verdict for the party opposing the motion.'" *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Humphries v. Pulaski Cty. Special Sch. Dist.*, 580 F.3d 688, 692 (8th Cir. 2009)). A fact is a "material

fact" when it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish the existence of a genuine dispute as to a material fact, the non-moving party "'may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Instead, the non-moving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Id.* (quoting *Bass*, 418 F.3d at 873); *see also Liberty Lobby*, 477 U.S. at 248 (a nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party."). "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

## IV. DISCUSSION

The undisputed facts show that the Van Otterloo defendants executed the Note and Mortgage. The Mortgage was duly recorded on July 19, 1985 and provided notice to the public pursuant to Iowa's recording statute. Iowa Code § 558.11. The mortgage that was previously foreclosed (and which formed the basis for H&S's title) was filed on December 1, 2006. No one asserts that Plaintiff's Mortgage was not duly recorded. "A land purchaser, then, may have either constructive or actual notice of existing rights in a property. Compliance with the recording statutes affords constructive notice of these existing rights." *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 637 (Iowa 1996) citing *National Properties Corp. v. Polk Cty.*, 351 N.W.2d 509, 511 (Iowa 1984)).

4

H&S was on constructive notice, at the very least, of Plaintiff's prior Mortgage. As such, H&S's interest is subject to Plaintiff's Mortgage.

It is undisputed that the Note is now in default, with the last voluntary payment made more than six years ago. Even though Plaintiff's Mortgage was undisputedly a matter of record, the sheriff's sale leading to H&S's purchase of the Property occurred without the Plaintiff having been named as a party. As such, the Plaintiff's interest in the Property was not foreclosed because of the sheriff's sale.

H&S does not argue with these facts. Rather H&S asserts that Plaintiff "fails to acknowledge the affirmative defenses raised by H&S." (Doc. 21-1 at 2.) H&S asserts there are "genuine issues of fact as to several affirmative defenses raised by H&S" and, therefore, summary judgment is not appropriate. (*Id.*) H&S's Answer to the Amended Complaint alleges five affirmative defenses: the claims are "barred by the passage of time and Plaintiff is therefore unjustly enriched;" estoppel; laches; the statute of limitations; and waiver. (Doc. 13 ¶¶ 18-22.)

H&S's brief is not a model of clarity. However, it at least mentions the defenses of estoppel by acquiescence, laches, and waiver. (Doc. 27 at 3-4.[2]) H&S's brief discusses a single unpublished Iowa Court of Appeals decision which, at best, establishes that the defenses of waiver, estoppel by acquiescence, and impossibility of performance are available to a borrower against a lender. *See Household Fin. Indus. Loan Co. of Iowa v. Rasmus*, 841 N.W.2d 355, 2013 WL 5949677 (Iowa Ct. App. 2013). Nothing about *Rasmus* establishes those defenses are available to H&S, whose rights are derived from a sheriff's deed after a sale by a junior lien holder. Nor does *Rasmus* show those defenses are available against the United States.

---

[2] Having failed to assert and argue any basis for the other affirmative defenses, the Court finds that H&S has abandoned them.

*Rasmus* is somewhat more helpful as an example of the showing necessary to establish a factual basis for an affirmative defense to resist summary judgment. Unlike the case at bar, the record in *Rasmus* is replete with citations to the relevant communications, policy language, and other disputed facts showing how each defense prevented entry of summary judgment. *Id.* at ** 11-14, 17.

By contrast, H&S relies upon a few *undisputed* facts. First, H&S relies upon the following facts not in dispute: "the Van Otterloos were in default as early as 1986, and the Plaintiff could have taken measures to enforce its rights upon default." (Doc. 21-1 at 4.) H&S also relies upon the following undisputed fact, "The Plaintiff received the last voluntary payment from the Van Otterloos on May 31, 2012; however, the Plaintiff did not file the foreclosure proceedings until April 19, 2018." (*Id.*) From these facts, H&S concludes, "Such action or lack of action by the Plaintiff in failing to enforce its rights supports a conclusion that Plaintiff waived its right to pursue foreclosure, especially after the subject real estate had been sold to satisfy a junior mortgage." (*Id.* at 5.)

Even giving H&S the benefit of all reasonable inferences from those facts, the record falls far short of supporting any of the affirmative defenses it asserted in resistance to the motion. Laches requires a showing of unreasonable and inexcusable delay that has resulted in prejudice to the defendant. *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 804 (8th Cir. 1979). However, H&S has done no more than merely assert this defense. It has not raised a factual dispute about how Plaintiff's delay was unreasonable or inexcusable, much less how H&S was prejudiced – especially given the fact Plaintiff's mortgage remained of record and unsatisfied when H&S purchased the Property at the sheriff's sale. Moreover, as Plaintiff points out, laches "however gross cannot be imputed to the [United States]." *United States v. Thompson*, 98 U.S. 486, 489 (1878); *see also Bostwick Irrigation Dist. v. United States*, 900 F.2d 1285, 1291 (8th Cir. 1990) (laches does not apply to actions brought by the United States).

H&S's reliance on estoppel by acquiescence fails for similar reasons. "Estoppel 'by acquiescence' applies where a person knows of an entitlement to enforce a right and 'neglects to do so for such time as would imply an intention to waive or abandon the right.'" *Rasmus*, 2013 WL 5949677 at *13 (quoting *In re Marriage of Fields*, 508 N.W.2d 730, 731 (Iowa 1993)). Plaintiff points out that this defense includes all the elements of laches and also affirmative conduct by the plaintiff inducing the belief the claim was abandoned and detrimental reliance by the defendant. *See AirWair Int'l Ltd. V. Schultz,* 84 F. Supp. 3d, 943, 956 (N.D. Cal. 2015). H&S merely asserts the existence of estoppel by acquiescence without any support for the elements of the defense, particularly inducement of H&S or its predecessors by Plaintiff's affirmative conduct or detrimental reliance.

Finally, as *Rasmus* stated, "waiver is the voluntary or intentional relinquishment of a known right. Waiver can be inferred from conduct that supports the conclusion waiver was intended." 2013 WL 5949677 at *11 (citations omitted). In this case, the Van Otterloos' payments were consistently late and less than the $438 per month required by the Note. Nevertheless, they continued to make some payments until May 2012. Although Plaintiff filed this action in April 2018, it appears it was pursuing collection in the intervening years. (*See e.g.*, Doc. 17, Plaintiff App. 63-92.) Even if Plaintiff had taken no action to enforce its rights, H&S cites no authority that supports the inference of waiver from mere inaction of a mortgagee.

Essentially, H&S does no more than assert the existence of possible defenses without supporting them. As set forth above, a party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Manning v. Cotton*, 862 F.3d 663, 667 (8th Cir. 2017); *Liberty Lobby*, 477 U.S. at 248 (quoting Fed. R. Civ. P. 56(e)) (ellipses in original).

In summary, it is undisputed that the Van Otterloos executed the Note that is now in default. It is also undisputed that the Van Otterloos executed the Mortgage securing the Note. H&S took title to the Property with at least constructive notice of Plaintiff's Mortgage, which had not been foreclosed. As a junior lien holder, H&S's interest remains junior to Plaintiff's. *See United States v. Sage,* 566 F.2d 1114, 1115 (9th Cir. 1977). H&S does not contest the calculation of the amount due, as reflected in the declaration signed by Kimberly Sanders on December 3, 2018.

H&S has failed to generate a genuine issue of material fact regarding its affirmative defenses. Accordingly, the Court concludes that the Plaintiff is entitled to summary judgment for the relief requested in its Amended Complaint.

## V.  ORDER

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. 17) filed by the United States is hereby **GRANTED**. The United States is directed to submit an appropriate judgment to the Court for approval.

**IT IS SO ORDERED** this 22nd day of February, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa